**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

|  |  |  |
|---|---|---|
| ADAM STREGE, | ) | |
| | ) | |
| Plaintiff, *pro se*, | ) | Civil Action No. 25-cv-00021-LKG |
| | ) | |
| v. | ) | Dated: May 12, 2025 |
| | ) | |
| SUPREME COURT OF THE UNTIED STATES, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**<u>DISMISSAL ORDER</u>**

The Plaintiff *pro se*, Adam Strege, filed the above-captioned matter, together with a motion for leave to proceed *in forma pauperis* on January 2, 2025. ECF Nos. 1 and 5. On January 27, 2025, the Plaintiff filed a corrected motion for leave to proceed *in forma pauperis*. ECF No. 8. The Plaintiff's corrected motion for leave to proceed *in forma pauperis* is **GRANTED**. For the reasons below, the Court **DISMISSES** the complaint as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B).

Title 28, United States Code, section 1915(e)(2)(B) requires that the Court conduct an initial screening of the complaint and dismiss of any complaint that: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see also Neitzke v. Williams*, 490 U.S. 319, 327 (1989) (Section 1915(e)(2) gives courts "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."). In conducting this review, the Court is mindful of its obligation to construe liberally a complaint filed by a self-represented litigant. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Liberal construction of the complaint does not, however, mean that the Court should ignore a clear failure in the pleading to allege facts which set forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may

not "conjure up questions never squarely presented"). And so, the Court must dismiss the complaint if it is frivolous.

In this regard, a complaint is frivolous where "it lacks an arguable basis either in law or in fact." *McLean v. United States*, 566 F.3d 391, 399 (4th Cir. 2009) (quoting *Neitzke*, 490 U.S. at 327). This Court lacks subject matter jurisdiction over "obviously frivolous" claims. *Hagans v. Lavine*, 415 U.S. 528, 537 (1974) (quoting *Hannis Distilling Co. v. Baltimore*, 216 U.S. 285, 288 (1910). "[B]ecause a court lacks subject matter jurisdiction over an obviously frivolous complaint, dismissal prior to service of process is permitted." *Ross v. Baron*, 493 F. App'x 405, 406 (4th Cir. 2012); *accord Smith v. Kagan*, 616 Fed. App'x 90, 90 (4th Cir. 2015) (unpublished) (mem.).

In this case, a careful review of the complaint shows that it is frivolous and that the Court lacks subject-matter jurisdiction over the Plaintiff's claims. The Plaintiff alleges in the complaint that "All Planets People and Supreme Courts conspire to Drug everyone Food, put Billion Human Hearts in Nuclear Fuel and Human Body parts in Food cans…" and that the defendants violate laws by "Refusing to Launch Nuclear Missals." ECF No. 1 at 1 and 3. In addition, the Plaintiff requests injunctive relief to enjoin the police from "harassing [him] most every time he goes outside" and he requests relief to "Expunge and Seal All [his] criminal records because [he] has no Felony convictions and 1 Jay Walking ticket prevents residency Countries." *Id*. at 4. These allegations lack an arguable basis in law and fact. *See McLean*, 566 F.3d at 399; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). And so, the complaint fails to set forth a cognizable claim.

For these reasons, the Court must DISMISS the complaint as frivolous. *Smith*, 616 F. App'x at 90 (When the Court has before it a patently frivolous complaint, "dismissal prior to service of process is permissible," because the Court lacks subject matter jurisdiction over the action.); *Ross*, 493 F. App'x at 406.

And so, the Court:

(1) **DISMISSES** the complaint as frivolous (ECF No. 1);
(2) **DENIES-as-MOOT** the Plaintiff's motion to electronically file (ECF No. 10); and

2

(3) **DENIES-as-MOOT** the Plaintiff's original motion for leave to proceed *in forma pauperis* (ECF No. 5).

It is further **ORDERED** that the Clerk **SHALL** provide a copy of this Order to Plaintiff and **CLOSE** the case.

**IT IS SO ORDERED.**

                                        s/Lydia Kay Griggsby
                                        LYDIA KAY GRIGGSBY
                                        United States District Judge